**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 24-39-DLB**

**KENNETH DANIELS**[1]                                                                                                         **PETITIONER**

**VS.**                                   **<u>MEMORANDUM ORDER</u>**

**WARDEN FCI ASHLAND**                                                           **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Kenneth Daniels is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Daniels filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[2] (Doc. # 1). That Petition is exceedingly difficult to follow. However, as best as the Court can tell, Daniels is putting forth several arguments in an attempt to call into question his underlying federal conviction—for being a felon in possession of a firearm—and corresponding 180-month prison sentence. *See id.; see also United States v. Kenneth Daniels*, No. 2:15-cr-00127 (E.D. Pa. 2015).

The Court has now conducted an initial screening of Daniels's Petition pursuant to 28 U.S.C. § 2243 and will dismiss it for lack of subject-matter jurisdiction. That is because

---

[1] Federal inmate Keith Dougherty is also named in the caption of the Petition (Doc. # 1 at 1), and it appears that Dougherty also signed the submission (*id.* at 13-14). However, the filing indicates that Dougherty was simply "assisting" Daniels in preparing his Petition. (*Id.* at 3). In other words, it does not appear that Doughtery is seeking his own relief from this Court. Therefore, the Court does not consider Dougherty to be a Petitioner in this case.

[2] While the Petition includes the language "File Under Seal" (Doc. # 1 at 1), it is not accompanied by a motion for leave to seal or a clear justification for sealing the document; thus, the Petition remains publicly available.

1

Daniels's arguments constitute an impermissible collateral attack on his conviction and sentence.  While a federal prisoner may certainly challenge the legality of his conviction and sentence on direct appeal and in a 28 U.S.C. § 2255 motion, he generally may not do so in a § 2241 petition.  The United States Supreme Court recently confirmed this point, *see Jones v. Hendrix*, 599 U.S. 465 (2023), and Daniels has not identified any circumstance or legal authority that would allow him to proceed with his claims here via a § 2241 petition.  Therefore, the Court will dismiss Daniels's petition for lack of subject-matter jurisdiction.  *See Jones*, 599 U.S. at 492 (affirming the dismissal of the relevant § 2241 petition for lack of subject-matter jurisdiction).

    Accordingly, it is **ORDERED** as follows:

    (1)    Daniels's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DISMISSED** for lack of subject-matter jurisdiction;

    (2)    This action is **STRICKEN** from the Court's docket; and

    (3)    The Court will enter a corresponding Judgment.

This 4th day of April, 2024.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\ORDERS\PSO Orders\Daniels 0-24-039 Memorandum.docx

2